COLLOTON, Circuit Judge,
dissenting.
In my view, the district court correctly applied the terms of Revised Statutes of Nebraska § 21-2635 (2012), and properly rejected the arguments that Terry Clauff presented in the district court. The language of the statute is clear: “All persons who assume to act as a limited liability company without authority to do so shall be jointly and severally liable for all debts and liabilities of the company.” Id. Clauff purported to sign a lease assignment on behalf of a limited liability company, DKC-Columbus, that was not yet organized. Clauff had no authority to do so, see Neb. Rev.Stat. § 21-2608(2) (2012), and he is therefore jointly and severally liable for the resulting liabilities of DKC-Columbus.
The court’s curious opinion reverses the judgment in favor of Menard, Inc., and remands the case to the district court for further consideration without identifying any error in the analysis of the district court. Instead, the court remands for consideration of two matters that were never presented to or addressed by the district court. It has been well settled heretofore that we will not reverse a grant of summary judgment based on arguments that were not raised in response to the motion. B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist., 732 F.3d 882, 887,(8th Cir.2013).
The court thinks it is a “bit unclear why the district court did not take a more inclusive look at Nebraska’s common law of promoter liability in interpreting § 21-2635.” Ante, at 999. The reason is perfectly clear: Clauff never argued in response to Menard’s motion for summary judgment that a common law defense such as “corporation by estoppel” precluded application of the statute. The summary judgment record is not “unclear regarding the extent Clauff brought this issue to the district court’s attention,” ante, at 1000 n. 5; Clauff never mentioned it. Even if the boilerplate reference to" “waiver, laches and/or estoppel” in Clauffs answer, R. Doc. 21, at 7, is enough to plead adequately a defense of “corporation by estoppel” under Nebraska law, a defendant does not preserve a defense by pleading it but then declining to advance it in response to the opponent’s dispositive motion. The district court understandably did not address the point, and it is too late for Clauff to raise a new defense to the motion for summary judgment for the first time on appeal.
The court, moreover, overstates the significance of First Nebraska Trust Co. v. Greb (In re Estate of Greb), 288 Neb.362, 848 N.W.2d 611 (2014), when it opines by way of a footnote — without briefing or argument — that Greb “certainly suggests that the Nebraska Supreme Court would reject the argument that Nebraska’s pro-' moter liability statutes abolished the eom- *1002 mon law legal and equitable defenses to promoter liability.” Ante, at 1001 n. 6. Greb holds that the Business Corporation Act did not abolish the de facto corporation doctrine in Nebraska in a case “where, unbeknownst to its directors and officers, a lawful corporation was involuntarily dissolved.” 848 N.W.2d at 621. Greb does not address promoter liability; if anything, it implies that the de facto corporation defense is unavailable in that context because the Business Corporation Act governs: “Although the act contains sections governing the commencement of corporate existence and imposing liability upon persons purporting to act as or on behalf of a corporation with knowledge that no incorporation has taken place, these provisions do not address all of the issues responsible for the development of the [de facto corporation] doctrine.” Id. (emphases added) (footnotes omitted). One issue un addressed by the Business Corporation Act was the effect of an involuntary corporate dissolution unknown to the corporate directors and officers, so the de facto corporation doctrine was available in that scenario. Because § 21-2635 does contain sections imposing liability on persons purporting to act as or on behalf of a limited liability company without authority to do so, there is good reason to believe that the Nebraska court would follow the terms of the statute. See Thompson & Green Mach. Co. v. Music City Lumber Co., 683 S.W.2d 340, 345 (Tenn.Ct.App.1984) (applying Tennessee equivalent of § 21-2635 for corporations); Wheat Belt Pub. Power Disk v. Batterman, 234 Neb. 589, 452 N.W.2d 49, 51 (1990) (“[T]he liability of one party to a contract may not be substituted for the liability of another unless the parties to the original contract agree to the discharge of the original debtor and substitution of a new one.”).
The court’s other stated reason for remanding is a reference to “factual discrepancies” that “create some uncertainty” about whether DKC-Columbus or Dial-Columbus was the purported party to the Lease Assignment that Clauff signed with Menard. Ante, at 997, 1000. This theory, too, was never raised in the district court or even on appeal. Clauff acknowledged repeatedly that he purported to sign the Lease Assignment on behalf of DKC-Columbus. R. Doc. 56, at 3 (“Clauff ... executed the Lease Assignment on behalf of DKC as a member.”); id. at 11 (“[T]he Lease Assignment expressly showed Clauff as signing as a member of DKC.”); R. Doc. 571, at 1 (“I ... executed the Lease Assignment on behalf of DKC.”) (declaration of Terry L. Clauff); Appellant’s Br. at 5 (“Clauff personally negotiated the Lease Assignment with Menard on behalf of DKC-Columbus, and executed the Lease Assignment on behalf of DKC-Columbus as a member.”). If the written papers were not enough, Clauffs counsel reaffirmed the point at oral argument:
Question: Have you ever argued, in the district court or in this court,- that the Lease Assignment was executed by Clauff on behalf of Dial-Columbus?
Counsel for Clauff: It has never been argued that the Lease Assignment specifically was signed on behalf of Dial-Columbus.
The district court correctly applied § 21-2635 and rejected the points that Clauff raised in response to Menard’s motion for summary judgment. There is no sound reason for a do-over. I would affirm the judgment.